IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Energy Heating, LLC, an Idaho limited liability company; Rocky Mountain Oilfield Services, LLC, an Idaho limited liability company,<br><br>    Plaintiff/Counterclaim Defendants,<br><br>vs.<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company, and Super Heaters North Dakota, a North Dakota limited liability company,<br><br>    Defendants,<br><br>and<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Counterclaimant. | Civil Case No. 4:13-cv-10<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE HEAT ON-THE-FLY TRADEMARK (COUNT3) AND (2) CANCELLATION OF REGISTRATION (COUNT 4)** |
| Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Third-Party Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>Marathon Oil Corporation,<br><br>    Third-Party Defendant/ Counterclaimant. | |

## INTRODUCTION AND SUMMARY OF HOLDING

On June 11, 2015, the court issued an "ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY AND CANCELLATION OF U.S.

TRADEMARK REGISTRATION NO. 3,811,923."[1] In an oversight, the court failed to address Defendants' ("HOTF" collectively) competing "MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE HEAT ON-THE FLY TRADEMARK (COUNT 3) AND (2) CANCELLATION OF REGISTRATION (COUNT 4)." For reasons similar to those discussed in its order denying Plaintiffs' ("Energy Heating" collectively) motion[2], Defendants' motion for summary judgment[3] is **DENIED.**

## FACTS

"Heat On-The-Fly" is a trademarked phrase, registered to Super Heaters of North Dakota, LLC, on June 29, 2010.[4] The registration number is 3,811,923.[5] The phrase describes a process in which water is heated on-site "as it flows" during hydraulic fracturing operations, with the idea of eliminating the need for extra holding tanks.[6] According to Ransom Mark Hefley, one of the owners of Heat On-The-Fly, LLC, and of Super Heaters of North Dakota, LLC, the phrase "heat on the fly" was first used in a conversation he had with Larry Green, an oil company representative, discussing the possibility of developing a system in which water could be heated "on the fly" rather than having to use water heated

---

[1] Doc. #443.

[2] Doc. #443 (denying motion at Doc. #384).

[3] Doc. #381.

[4] Doc. #62-2.

[5] Doc. #62-2.

[6] Doc. #62-7, page 4 of 5.

and held in a tank to await use.[7] As such, Heat On-The-Fly is a descriptive term.

## DISCUSSION

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[8] In other words, to avoid summary judgment, a party must make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9]

A registered trademark is cloaked with a presumption of validity.[10] However, the presumption is rebuttable.[11] A descriptive term, one which "'describes the ingredients, characteristics, qualities, or other features" of a product "may be used as a trademark only if it has acquired a secondary meaning.'"[12] A descriptive mark acquires secondary meaning, and may then be afforded trademark protection, when it is "'so associated with the product that it becomes a designation of the source rather than of a characteristic of the product.'"[13]

In the order denying Energy Heating's motion, the court identified evidence in the record which could support a finding that Heat On-The-Fly has established a secondary

---

[7] Doc. #62-5, Deposition of Mark Hefley, pages 36-38.

[8] Schwan's IP, LLC v. Kraft Pizza Co., 460 F.3d 971, 974 (8th Cir. 2006).

[9] Id. (citing Frosty Treats, Inc. v. Sony Computer Entertainment Am., Inc., 426 F3d 1001, 1003 (8th Cir. 2005).

[10] Fair Isaac Corp. v. Experian Information Solutions, Inc., 650 F.3d 1139, 1147 (8th Cir. 2011) (citing 15 U.S.C. § 1115(a)).

[11] Id.

[12] Id. (citing Schwann's IP, LLC, 460 F.3d at 974.

[13] Id.

meaning in that representatives of companies involved in the oil industry have identified the phrase with Defendant companies.[14]  There is also substantial evidence in the record, identified by Energy Heating in the memorandum in support of Plaintiffs' motion for partial summary judgment, which may support a finding that the term has not taken on secondary meaning, but remains merely descriptive.[15]  Therefore, Defendants are not entitled to summary judgment as a matter of law.

## CONCLUSION

Because they cannot demonstrate as a matter of law that HEAT ON-THE-FLY is not merely descriptive, Defendants' motion for summary judgment[16] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2015.

/s/   Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court

---

[14] Doc. #443 at 4.

[15] Doc. #385 at 10-12.

[16] Doc. #381.