IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Energy Heating, LLC, an Idaho limited liability company; Rocky Mountain Oilfield Services, LLC, an Idaho limited liability company,<br><br>    Plaintiff/Counterclaim Defendants,<br><br>vs.<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company, and Super Heaters North Dakota, a North Dakota limited liability company,<br><br>    Defendants,<br><br>and<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Counterclaimant.<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Third-Party Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>Marathon Oil Corporation,<br><br>    Third-Party Defendant/ Counterclaimant. | Civil Case No. 4:13-cv-10<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON TORTIOUS INTERFERENCE CLAIMS** |

## INTRODUCTION AND SUMMARY OF DECISION

Before the court is a motion by Defendants, Heat On-the-Fly, LLC, and Super Heaters North Dakota, LLC, ("HOTF" collectively), for partial summary judgment on

Counts 5 and 6 of the SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 8,171,993, NON-INFRINGEMENT AND CANCELLATION OF TRADEMARK REGISTRATION, DAMAGES, AND INJUNCTIVE RELIEF.[1] The Counts at issue raise tort law claims under the law of the state of North Dakota. Count 5 alleges tortious interference with existing or prospective business relationships and Count 6 alleges tortious interference with contracts.[2]

On March 31, 2015, the court granted summary judgment in favor of Plaintiffs' Energy Heating, LLC, and Rocky Mountain Oilfield Services, LLC (collectively "Energy Heating") and Third-Party Defendant, Marathon Oil Corporation ("Marathon"), on the issue of the invalidity of Patent No. 8,171,993 ("the 993 Patent").[3] In the same Order, the court denied HOTF's motion[4] to dismiss inequitable conduct claims brought by Energy Heating and Marathon because they "have pled sufficient facts from which the court could reasonably infer an intent to deceive" the United States Patent Office.

In addition to the inequitable conduct claims, the only other issues remaining before the court are those relating to Energy Heating's claims of tortious interference with contracts and tortious interference with existing and prospective business relationships. The court is aware that the plaintiffs were granted permission to file a sur-reply brief and their deadline to file is July 10, 2015. However, the court is also mindful of the expensive

---

[1] Doc. #283.

[2] Doc. #283 at page 7 of 16.

[3] Doc. #358.

[4] Doc. #304.

2

and time-consuming nature of litigation as well as the approaching trial date. Because the court has sufficient information to make a decision on the motion and further briefing would not be of assistance to the court, the court finds it prudent to issue its Order without further delay, which will allow the parties time to focus on trial preparation rather than pretrial motion briefing.

After careful review of the pleadings and the other court filings in a light most favorable to the plaintiffs, the court finds that Energy Heating has alleged facts which, if proven by clear and convincing evidence, could possibly persuade a jury that no reasonable litigant could possibly expect that HOTF's patent was valid and enforceable, in order to overcome the preemption of federal patent law, and facts which, if proven by clear and convincing evidence, could convince a jury of the elements of the unlawful conduct alleged under North Dakota law. HOTF's motion for partial summary judgment[5] is **DENIED.**

## FACTS

The '993 Patent was issued on May 8, 2012.[6] On reexamination, the patent was rejected as obvious on February 12, 2015.[7] This court found the patent to be invalid on March 31, 1015.[8]

Energy Heating has alleged that its customers were told by HOTF that the water heaters used by Energy Heating infringed on HOTF's patent.[9] Energy Heating alleges that

---

[5] Doc. #376.

[6] Doc. #1-1, page 2 of 24.

[7] Doc. #333-1.

[8] Doc. #358.

[9] Doc. #283 at ¶ 14.

3

HOTF did not have a good faith belief that the patent was being infringed and that the statements regarding the infringement of the patent were false.[10] Energy Heating alleges that HOTF made knowing false representations to interfere with Energy Heating's known business relationships and prospective business relationships.[11] It is further alleged that HOTF intentionally interfered with valid contractual relationships between Energy Heating and its customers.[12] Energy Heating alleges injury from the tortious conduct of HOTF.[13]

In their brief in opposition to this summary judgment motion, plaintiffs point to testimony and other evidence in the record which, if proven by clear and convincing evidence, could support the allegations in Counts 5 and 6.[14]

In the order filed March 31, 2015,[15] the court recognized that Energy Heating had alleged facts sufficient to support the inequitable conduct claims. Energy Heating relies on many of these same facts to support the claims of tortious interference.[16]

## DISCUSSION

"Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[10] Doc. #283 at ¶ 15 .

[11] Doc. #283 at ¶ ¶ 40-41.

[12] Doc. #283 at ¶ ¶ 44-45.

[13] Doc. #283 at ¶ ¶ 42, 46.

[14] Doc. #411.

[15] Doc. #358.

[16] Doc. #283; Doc. #411.

as a matter of law.'"[17] When tortious interference is claimed against a patentee for statements alleging possible infringement, "to survive summary judgment, the party challenging such statements must present affirmative evidence sufficient for a reasonable jury to conclude that the patentee acted in bad faith, in light of the burden of clear and convincing evidence that will adhere at trial."[18]

"[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith."[19] Federal patent law further "preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent."[20] "As a result 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.'"[21]

Bad faith has "separate objective and subjective components."[22] "To be objectively baseless, the infringement allegations must be such that 'no reasonable litigant could possibly expect success on the merits.'"[23] Even if statements are made "without regard to whether they are true," bad faith is not indicated if the information in the statements is

---

[17] Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F..3d 1254, 1260 (Fed. Cir. 2008) (citing Fed. R. Civ. P. 56(c)).

[18] Id. at 1260.

[19] Id. (citing Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F3d 1318, 1336 (Fed. Cir. 1998).

[20] Id. (citing Zenith Elecs Corp. v. Exzec, Inc., 182 F.3d 1340, 1355 (Fed. Cir. 1999)).

[21] Id.

[22] Dominant Semiconductors Sdn. Bhd., 524 F.3d at 1260.

[23] Id. (citing GP Indus., Inc. v. Eran Industries, Inc., 500 F.3d 1369, 1374 (Fed. Cir. 2007)).

objectively accurate.[24] Communicating "accurate information about patent rights, whether by direct notice to the potential infringers or by publicity release, does not support a finding of bad faith."[25]  In other words, patentees "'do not violate the rules of fair competition by making accurate representations.'"[26] "Subjective considerations of bad faith are irrelevant if the assertions are not objectively baseless."[27]

Examples of subjective considerations of bad faith are allegations relating to the patentee's representations to the patent office in its application for patent, in the patentee's motivation in making allegations of infringement, and in whether the patentee's representations regarding the patent or the allegations of infringement were made recklessly or without regard to their truth or falsehood.[28]

Under North Dakota law, to "succeed on a claim of intentional interference with contract, a plaintiff must prove '(1) a contract existed, (2) the contract was breached, (3) the defendant instigated the breach, and (4) the defendant instigated the breach without justification."[29] "Tortious interference requires a person who is not a party to the contract to interfere with the contract."[30]  In addition to the four elements required to be proven

---

[24] Dominant Semiconductors Sdn. Bhd., 524 F.3d at 1261.

[25] Id.

[26] Id. (citing Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1371 (Fed. Cir. 2002)).

[27] GP Industries, Inc., 500 F.3d at 1375.

[28] Dominant Semiconductors Sdn. Bhd, 524 F.3d at 1263-1264 (citing GP Industries, Inc., 500 F.3d at 1374-1375).

[29] Thimjon Farms Partnership v. First Int'l Bank & Trust, 2013 ND 160, ¶ 11,  837 N.W. 2d 327 (citing Hilton v. N.D. Educ. Ass'n, 2002 ND 209, ¶ 24, 655 N.W.2d 60).

[30] Id. (citing Van Sickle v. Hallmark & Assoc., Inc., 2008 ND 12, ¶ 25, 744 N.W.2d 532).

under North Dakota law, plaintiffs in this case would have to prove by clear and convincing evidence that defendants acted in bad faith.[31]

In order to succeed on their claim of tortious interference with existing or prospective business relationships, plaintiffs, under North Dakota law, "must prove the following essential elements: (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an independently tortious or otherwise unlawful act of interference by the interferer; (4) proof that the interference caused the harm sustained; and (5) actual damages to the party whose relationship or expectancy was disrupted."[32] Again, these elements must be proven in addition to the proof of bad faith by clear and convincing evidence required by federal patent law.[33]

In their brief, plaintiffs allege fraud, N.D. Cent. Code § 9-03-08, and the North Dakota Consumer Fraud Act, N.D. Cent. Code § 51-15-02, as the independently tortious or unlawful conduct that supports the claim of tortious interference with business relationships.[34] Actual fraud as defined by section 9-03-08 of the North Dakota Century Code, concerns "acts committed by a party to a "contract, or with the party's connivance, with the intent to deceive another party thereto or to induce the other party to enter into the contract[.]"[35] Energy Heating and Heat On-The-Fly are not parties to a contract and

---

[31] See, e.g., Dominant Semiconductors Sdn. Bhd., 524 F.3d at 1260.

[32] Trade 'n Post, L.L.C. v. World Duty Free Americas, Inc., 2001 ND 116, ¶ 36, 628 N.W.2d 707.

[33] See, e.g., Dominant Semiconductors Sdn. Bhd., 524 F.3d at 1260.

[34] Doc. #411. pp. 15-17 of 21.

[35] N.D. Cent. Code § 9-08-03.

there is no evidence in the record to indicate an attempt by Heat On-The-Fly to induce Energy Heating to enter into a contract. Section 9-03-08, therefore, does not apply in this case. However, plaintiffs are alleging facts which might support a claim of deceit pursuant to section 9-10-03 of the North Dakota Century Code.[36]

Allegations of deceit "raise questions of fact which must be proved by clear and convincing evidence."[37] Section 9-10-03 of the North Dakota Century Code provides that "[o]ne who willfully deceives another with intent to induce that person to alter that person's position to that person's injury or risk is liable for any damage which that person thereby suffers." Deceit, within the meaning of section 9-10-03, is:

1. The suggestion as a fact of that which is not true by one who does not believe it to be true;

2. The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

4. A promise made without any intention of performing.[38]

To succeed on a claim of deceit, plaintiffs must prove that they actually relied on any misrepresentation.[39] A misrepresentation of law will not support an action for deceit under

---

[36] N.D. Cent. Code § 9-10-02; N.D. Cent Code § 9-10-03; Erickson v. Brown, 2008 ND 57, ¶ 24, 747 N.W.2d 34; Nodak Oil Co. v. Mobil Oil Corp., 533 F.3d 401, 408 (8th Cir. 1976).

[37] Erickson v. Brown, 2008 ND at ¶ 26, 747 N.W.2d 34.

[38] N.D. Cent. Code § 9-10-02.

[39] Thimjon Farms Partnership v. First Int'l Bank & Trust, 2013 ND 160, ¶ 33, 837 N.W.2d 327.

North Dakota law.[40]

Under Chapter 51-15 of the North Dakota Century Code, entitled "Unlawful Sales or Advertising Practices":

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.[41]

Under the Unlawful Sales or Advertising Practices Act, "merchandise" is defined as "any objects, wares, goods, commodities, intangibles, real estate, charitable contributions, or services."[42] The Act provides for a private cause of action for parties who have suffered actual damages "if the court finds the defendant knowingly committed the conduct" declared unlawful under the act.[43] The North Dakota Supreme Court has concluded that the plain language of section 51-15-09 allows an action against a business competitor for alleged unlawful practices under the Act "and incorporates our longstanding jurisprudence, which requires the plaintiff to show the putatively illegal action caused some threatened or actual injury to his or her legal rights and interests."[44]

From May 8, 2012, to at least February 12, 2015, the patent was presumptively valid. As such, plaintiffs face a heightened burden of proof in order to prevail on the claims of tortious interference. They have to prove bad faith by clear and convincing evidence in

---

[40] Dvorak v. American Family Mut. Ins. Co., 508 N.W.2d 329, 332 (N.D. 1993); Nodak Oil Co. v. Mobil Oil Corp., 533 F.2d 401, 406 (8th Cir. 1976).

[41] N.D. Cent. Code § 51-15-02.

[42] N.D. Cent. Code § 51015-01(3).

[43] N.D. Cent. Code § 51-15-09.

[44] Ackre v. Chapman & Chapman, P.C., 2010 ND 167, ¶ 23, 788 N.W.2d 344.

order to overcome the federal patent law preemption of state law even to proceed on the tortious interference claims. If successful, they are then required to prove the elements of the state law claims by clear and convincing evidence. These are two large hurdles to recovery and it is certainly foreseeable that overcoming them may prove difficult at trial. Nonetheless, the applicable law establishes that the issues raised by Energy Heating are questions of fact. North Dakota law requires reliance and proof of actual injury in order to prevail on the claims of tortious interference.

## DECISION

On the record, the court is not in a position to find that HOTF is entitled to summary judgment as a matter of law. The claims of tortious interference in business relationships and in contracts raise issues of fact for the jury. Summary judgment as to Counts 5 and 6 of the Second Amended Complaint is **DENIED.** The motion for a hearing is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2015.

/s/  Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court