IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Energy Heating, LLC, an Idaho limited liability company; Rocky Mountain Oilfield Services, LLC, an Idaho limited liability company,<br><br>　　Plaintiff/Counterclaim Defendants,<br><br>vs.<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company, and Super Heaters North Dakota, a North Dakota limited liability company,<br><br>　　Defendants,<br><br>and<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>　　Counterclaimant. | Civil Case No. 4:13-cv-10<br><br>**ORDER FOR JUDGMENT ON JURY'S SPECIAL VERDICT** |
| Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>　　Third-Party Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>Marathon Oil Corporation,<br><br>　　Third-Party Defendant/ Counterclaimant. | |

## INTRODUCTION AND SUMMARY

A jury trial was held in this action August 18 through September 4, 2015. The jury was asked to decide several issues. First, the jury was asked to decide whether the Heat-

On-The-Fly copyright was enforceable.  Secondly, the jury was asked to decide whether the Defendants, Heat On-The-Fly, LLC, and Super Heaters North Dakota (collectively "HOTF") made representations that they held a valid, enforceable patent and, if so, whether the representations were made in bad faith.  If the jury found bad faith, they were then asked to decide state tort law claims of deceit, tortious interference with contract, and tortious interference with a business relationship.

The jury returned a verdict on a special verdict form[1] in which it found the following:

1. To the greater weight of the evidence, the mark "Heat On-The-Fly" is generic.

2. To the greater weight of the evidence, HOTF made representations to Triangle Oil that it had a valid patent.

3. By clear and convincing evidence, the claims were made in bad faith.

4. That Energy Heating[2] had a contract with Triangle Oil.

5. That HOTF unlawfully interfered with Energy Heating's contract with Triangle Oil.

6. That Energy Heating had a prospective business relationship with Triangle Oil.

7. That HOTF unlawfully interfered with the prospective business relationship with Triangle Oil.[3]

---

[1] Doc. #573.

[2] At trial, the jury was told to refer to Plaintiffs, Energy Heating, LLC, and Rocky Mountain Oilfield Services, LLC, as "Energy Heating" collectively.  Similarly, the collective "HOTF" was used to refer to Defendants, Heat On-The-Fly, LLC, and Super Heaters North Dakota.

[3] The jury found that HOTF knowingly engaged in unlawful sales and advertising practices, which served as the underlying tort to support the tort of interference with business relationships under North Dakota law.

8. The jury awarded damages of $750,000.

The jury found specifically that the tort of deceit was not proven by clear and convincing evidence. In a "SPECIAL INTERROGATORY TO VERDICT FORM",[4] the jury declined to award interest at the prejudgment rate of up to 6 percent.

## ORDER FOR JUDGMENT

In accordance with the jury verdict, the court makes the following **ORDERS:**

1. The **trademark** for "Heat On-The-Fly" is **INVALID** and unenforceable as it is a generic term.
2. The claim for the tort of **Deceit** is **DISMISSED WITH PREJUDICE.**
3. **DAMAGES** in the amount of $750,000 are **AWARDED** for the intentional tortious conduct of HOTF.
4. The court **DECLINES** to order prejudgment interest**.**

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated this 14th day of January, 2016.

>    */s/   Ralph R. Erickson*
> Ralph R. Erickson, Chief Judge
> United States District Court

---

[4] Doc. #575.