IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Energy Heating, LLC, an Idaho limited liability company; Rocky Mountain Oilfield Services, LLC, an Idaho limited liability company,<br><br>    Plaintiff/Counterclaim Defendants,<br><br>vs.<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company, and Super Heaters North Dakota, a North Dakota limited liability company,<br><br>    Defendants,<br><br>and<br><br>Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Counterclaimant. | Civil Case No. 4:13-cv-10<br><br>**ORDER ON MOTIONS FOR EXEMPLARY DAMAGES AND AWARDS OF COSTS AND ATTORNEY FEES** |
| Heat On-The-Fly, LLC, a Louisiana limited liability company,<br><br>    Third-Party Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>Marathon Oil Corporation,<br><br>    Third-Party Defendant/ Counterclaimant. | |

## INTRODUCTION/SUMMARY

Before the court are "PLAINTIFFS' CONSOLIDATED MOTION FOR ATTORNEY'S

FEES AND COSTS; SUPPLEMENTING THE RECORD FOR AN AWARD OF EXEMPLARY

DAMAGES; AND COST BILL"[1], "MARATHON'S MOTION FOR COSTS"[2], and "MARATHON'S MOTION TO FIND THIS CASE EXCEPTIONAL PURSUANT TO 35 U.S.C. § 285 AND TO AWARD ATTORNEYS' FEES AND NON-TAXABLE COSTS."[3]

Because section 51-15-09 of the North Dakota Century Code is not applicable to this case, Plaintiffs' request for an award of exemplary damages is **DENIED.** As the case is not an exceptional case under the Lanham Act or federal patent law, Plaintiffs' Motion for attorney fees is **DENIED** and Marathon's motion for attorney fees is **DENIED.** Both Plaintiffs' and Marathon's requests for costs are authorized by law and are **GRANTED.**

## I. PLAINTIFFS' REQUEST FOR AN AWARD OF EXEMPLARY DAMAGES

Energy Heating moves for attorney fees and treble damages pursuant to N.D. Cent. Code § 51-15-09, which provides for a private cause of action under the Unlawful Sales and Advertising Practices Act. The Act gives the court authority to award "up to three times the actual damages proven" and requires the court to award reasonable attorney fees if "the court finds the defendant knowingly committed the conduct" providing the basis of the cause of action.[4]

The amended complaint[5] does not include a claim under chapter 51-15 of the North Dakota Century Code. To support its claim for tortious interference with business relationships under North Dakota law, Energy Heating was required to prove that HOTF

---

[1] Doc. #632; Doc. #640.

[2] Doc. #642.

[3] Doc. #644.

[4] N.D. Cent. Code § 51-15-09.

[5] Doc. #283.

2

engaged in actions or omissions that would be otherwise unlawful in North Dakota. Pursuant to Energy Heating's request late in the pretrial process, the jury was asked to decide whether the elements of a claim under the act were proven in its analysis of whether Energy Heating could prove up the claim of tortious interference with business relationships. The jury specifically found a knowing violation of the act after rejecting the alternative allegation of deceit.[6]

Since Plaintiffs did not assert a cause of action under the North Dakota Unlawful Sales and Advertising Practices Act, the court is without authority to award treble damages and/or attorney fees under section 51-15-09. The motion for exemplary damages is **DENIED.**

## II.   ATTORNEY FEES/NON-TAXABLE COSTS

### A. Plaintiffs

Plaintiffs, Energy Heating LLC and Rocky Mountain Oilfield Services, LLC (collectively "Energy Heating") ask the court for an award of $3,656,162.01 in attorney fees, arguing that the case is "exceptional" under both the law governing trademark disputes and the law governing patent actions.

Under the Lanham Act, the court "in exceptional cases may award reasonable attorney fees to the prevailing party."[7] In the Eighth Circuit, a case may be exceptional if a "plaintiff's action was groundless, unreasonable, vexatious, or pursued in bad faith."[8] A

---

[6] Doc. #573.

[7] 15 U.S.C. § 1117(a); Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1013 (8th Cir. 2011) (citing Nightingale Healthcare, Inc. v. Anodyne Therapy, LLC, 626 F.3d 958, 96-63, summarizing different circuit tests for determining whether a case is exceptional under the Lanham Act).

[8] Community of Christ Copyright Corp., 634 F.3d at 1013.

case may also be exceptional if an infringing defendant's unlawful conduct "was willful and deliberate . . . ."[9] Bad faith is not a prerequisite for a fee award under the Lanham Act.[10] The court is not required to award attorney fees even if it finds a case to be exceptional.[11]

In a patent case, a court "in exceptional cases may award reasonable attorney fees to the prevailing party."[12] In April 2014, the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[13] In its analysis, the Supreme Court indicated that a prior Federal Circuit Court of Appeals decision defining "exceptional" was "so demanding that it would appear to render § 285 largely superfluous."[14] The court stated: "We have long recognized a common-law exception to the general 'American rule' against fee-shifting – an exception, 'inherent' in the 'power of the courts' that applies for 'willful disobedience of a court order' or 'when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . .'"[15] The court again "declined to construe fee-shifting provisions narrowly on the basis that doing so would render them

---

[9] Id.

[10] Id.

[11] First Nat'l Bank in Sioux Falls v. First Nat'l Bank South Dakota, 679 F.3d 763, 771 (8th Cir. 2012) (noting the statute's use of the word "may"). Accord Burford v. Accounting Practice Sales, Inc., 786 F.3d 582, 590 (7th Cir. 2015) ("Despite our skepticism, though, we do not believe the district court abused its discretion by seeing at least a good-faith basis for APS's argument that its mark was protected.").

[12] 35 U.S.C. § 285.

[13] Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S.Ct. 1749, 1756 (2014).

[14] Id. at 1758.

[15] Id. (citations omitted).

4

superfluous, given the background exception to the American rule . . ..”[16]

The Supreme Court rejected the Federal Circuit's "requirement that patent litigants establish their entitlement to fees under § 285 by 'clear and convincing evidence'", indicating that it "demands a simple discretionary inquiry[.]"[17] Section 285 "commits the determination of whether a case is 'exceptional' to the discretion of the district court . . .."[18] The Supreme Court recognized that the district court is in a better position to decide whether a case is exceptional "because it lives with the case over a prolonged period of time."[19] The court is to use principles of equity.[20]

The Federal Circuit Court of Appeals has interpreted Octane Fitness as making "clear that it is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position."[21] According to the Federal Circuit Court of Appeals, in analyzing a district court's finding on the issue of whether a case is exceptional "it need not rule on the *correctness* of the . . . court's decision on all underlying issues of law" but "need only determine whether the district court abused its discretion when it found that the party's litigating position was not so merit-less as to 'stand out' from the norm and, thus, be exceptional."[22]

---

[16] Id. (citations omitted).

[17] Id.

[18] Highmark Inc. v. Allcare Health Management System, Inc., 134 S. Ct. 1744, 1748 (2014) (decided the same day as Octane Fitness).

[19] Highmark Inc., 134 S. Ct. at 1748-49.

[20] Octane Fitness, 134 S. Ct. at 1756 (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)).

[21] SFA Systems, LLC v. Newegg Inc., 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citing Octane Fitness, 134 S.Ct. at 1756).

[22] SFA Systems, LLC v. Newegg Inc., 793 F.3d at 1348.

The Federal Circuit also has stated that, "under *Octane Fitness*, the district court must consider whether the case was litigated in an unreasonable manner as part of its exceptional case determination, and that district courts can turn to our pre-*Octane Fitness* case law for guidance."[23]  Justifications for awarding attorney fees on the basis of the manner of litigation include, among other things: using the high cost to defend to extract nuisance-value settlements; deliberate misrepresentations of the law; introducing and relying on expert testimony that does not even meet minimal standards of reliability; a vexatious litigation strategy; or a pattern of litigation misconduct.[24]

The court is unaware of any attempts by Defendants, Heat On-The-Fly, LLC, and Super Heaters North Dakota, LLC, (collectively "HOTF"), to legally enforce any rights to the trademarked term "Heat On-the-Fly". Energy Heating initiated this lawsuit seeking, among other things, a declaration that the trademark was invalid.  HOTF asserted the validity of the registered trademark.  The parties presented evidence, including conflicting expert testimony, to the jury regarding the use of the term.  The jury found the term to be generic.  There was nothing out of the ordinary about HOTF's defense of its registered trademark.  Energy Heating is not entitled to an award of attorney fees under the Lanham Act.

Prior to the start of this lawsuit, HOTF had not taken any court action to enforce its rights to its patent.  This patent action was initiated by Energy Heating, originally seeking a declaration that the patent was invalid.  In addition, Energy Heating claimed damages for unlawful interference with contract and unlawful interference with business relationships.

---

[23] Id. at 1349.

[24] Id. at 1350 (citing various cases in which the Federal Circuit Court of Appeals upheld awards of attorney fees).

Considering the posture of the case, HOTF's proffered defenses and its assertion of its counterclaims were not unreasonable. Further, even though the evidence at trial was sufficient for the jury to find bad faith by clear and convincing evidence and for the court to find inequitable conduct by clear and convincing evidence, HOTF's evidence and arguments at trial were neither specious nor without merit. HOTF presented colorable good faith arguments that could well have supported an opposite conclusion by the finders of fact.

Although it was apparent to the court that the attorneys in this matter did not always exhibit the best, and most civil, behavior toward each other, the court has not been presented with sufficient evidence to decide that HOTF, or its lawyers, engaged in worse conduct than Energy Heating, or its lawyers. Both Energy Heating and HOTF on occasion asked for reconsideration of decisions already made by the court. In considering whether HOTF unreasonably and unnecessarily dragged this matter on, it should be noted that it was HOTF who moved the court for rule 54(b) certification to expedite the appeal of the issue of the validity of the patent to the Federal Circuit.[25]

The court has not been adequately presented with evidence that the nonprevailing party in this case, HOTF, used the high cost to defend to extract a nuisance-value settlement, or deliberately misrepresented any law, or introduced or relied on any expert testimony that did not meet minimal standards of reliability. The court is not persuaded that there is evidence of vexatious litigation tactics or any pattern of litigation misconduct. The court is not persuaded that equity requires it to depart from the American Rule and award attorney fees or nontaxable costs to Energy Heating under either the Lanham Act or

---

[25] Doc. #387.

federal patent law.[26]

HOTF's defense of this case was not exceptional nor out of the ordinary. Energy Heating's Motion[27] for attorney fees and non-taxable costs is **DENIED.**

## B. Marathon

Third-Party Defendants, Marathon Oil Corporation and Marathon Oil Company (collectively "Marathon") move the court, pursuant to 35 U.S.C. § 285, for an award of attorney fees and non-taxable costs.[28] Marathon argues that HOTF's pursuit of the third party complaint and its litigation tactics require a finding that this case is exceptional under § 285.

Marathon argues that the court's finding of inequitable conduct alone justifies an award of attorney fees. Marathon further argues that the third party claim was completely and obviously without merit and that HOTF's litigation tactics support an award for attorney fees.

As indicated earlier, being unsuccessful in a defense or a claim does not automatically make a claim exceptional. HOTF reasonably disputed facts with its own evidence and provided a meritorious argument against a finding of inequitable conduct. The court still found clear and convincing evidence to support its finding. Marathon was successful in its defense. The court does not find this to be out of the ordinary.

Marathon points to the lack of evidence at trial of its control over the fracking process, which would support a finding of infringement. The court duly notes that lack of

---

[26] Octane Fitness, LLC v. ICON, 134 S. CT. at 1756-57.

[27] Doc. #632; Doc. #640.

[28] Doc. #644.

evidence.  The court further notes that because of its summary judgment order[29] on March 29, 2015, the issue of infringement was no longer before the court at trial.  The only matter involving Marathon at trial was the inequitable conduct issue.  There is evidence in the record to support a finding of infringement through control of the process.  Because of the court's summary judgment orders HOTF was never given an opportunity to fully present that evidence to the court at trial.

Marathon's allegations of litigation misconduct, in one respect, give the court some pause.  The record contains some evidence that HOTF attorneys were offering to represent witnesses at depositions, taking on the representation, and then using the attorney-client privilege to hinder Energy Heating's and Marathon's ability to gather information in preparation for trial.  The court takes this very seriously, does not condone such tactics, and suggests that litigants avoid such tactics.

However, in reviewing the totality of circumstances, as required under the controlling law, the court does not find that HOTF used a vexatious litigation strategy, used the high cost of litigation to extract a nuisance value settlement, or engaged in any other activity that would require a finding that this case is exceptional.  The court is not persuaded by the evidence that HOTF has engaged in any pattern of litigation misconduct. The evidence merely indicates that HOTF has not given up on defending its patent. Lawfully presenting the courts and/or the applicable administrative agencies evidence and arguments to support a claim is not exceptional.

The  court is not convinced that equity requires an award of attorney fees or

---

[29] Doc. #358.

nontaxable costs to Marathon under federal patent law. Marathon's motion[30] for attorney fees and non-taxable costs is in all things **DENIED.**

### III. TAXABLE COSTS

### A. Plaintiffs

Energy Heating moves for an award of $67,085.77 in taxable costs.[31] HOTF disputes some of the requests. After reviewing the documentation, and having considered the objections of HOTF, the court finds the request is appropriate and authorized by law.[32] Plaintiffs' motion for an award of taxable costs totaling **$67,085.77** is **GRANTED.**

### B. Marathon

Marathon moves the court for an award of taxable costs in the amount of $47,563.48.[33] HOTF has not indicated objections to any of the indicated costs. After reviewing the documentation, and noting the lack of objection from HOTF, the court finds the request is appropriate and authorized by law.[34] Marathon's motion for an award of taxable costs totaling **$47,563.48** is **GRANTED.**

### DECISION

"PLAINTIFFS' CONSOLIDATED MOTION FOR ATTORNEY'S FEES AND COSTS; SUPPLEMENTING THE RECORD FOR AN AWARD OF EXEMPLARY DAMAGES; AND

---

[30] Doc. #644.

[31] Doc. #632; Doc. #640.

[32] 28 U.S.C. § 1920.

[33] Doc. #642.

[34] 28 U.S.C. § 1920; <u>Craftsmen Limousine, Inc., v. Ford Motor Co.</u>, 579 F.2d 894 (8th Cir. 2009).

COST BILL"[35] is **DENIED** as to the request for exemplary damages; **DENIED** as to the request for an award of attorney fees and non-taxable costs; and **GRANTED** as to the request for taxable costs of **$67,085.77**. "MARATHON'S MOTION FOR COSTS"[36] requesting **$47,563.48** is **GRANTED**. "MARATHON'S MOTION TO FIND THIS CASE EXCEPTIONAL PURSUANT TO 35 U.S.C. § 285 AND TO AWARD ATTORNEYS' FEES AND NON-TAXABLE COSTS"[37] is **DENIED.**

    **IT IS SO ORDERED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 16th day of March, 2016.

                                          */s/ Ralph R. Erickson*
                                          Ralph R. Erickson, Chief Judge
                                          United States District Court

---

[35] Doc. #632; Doc. #640.

[36] Doc. #642.

[37] Doc. #644.